1  GAVIN KOGAN (CSBN 201564)
     *gavin@koganllp.com*
2  KOGAN & ASSOCIATES LLP
3  147 South River Street, Suite 234-A
   Santa Cruz, CA 95060
4  Tel. 831-429-1122
   Fax. 831-480-5826
5
6  Attorneys for Creditor Next Group Lenders

7            UNITED STATES BANKRUPTCY COURT

8            NORTHERN DISTRICT OF CALIFORNIA

9                  SAN JOSE DIVISION

10

11 | In re:                          ) |
   |                                 ) Case No. 09-47800
12 | ALEXANDER ERICKSON               ) Chapter 7
   |                                 )
13 |          Debtors.                )
   |                                 )
14 |_____)
   |                                 )
15 | NEXT GROUP LENDERS,              ) **COMPLAINT TO**
   |            Plaintiffs,           ) **DETERMINE DISCHARGEABILITY OF DEBT**
16 | v.                               ) **UNDER §523(a)(2)(A) & (B)**
   |                                 )
17 | ALEXANDER ERICKSON               )
   |            Defendant.            )
18 |                                 )
   |                                 )
19 |                                 )
   |                                 )
20 |                                 )
   |                                 )
21 |_____)

22        The NEXT GROUP LENDERS, identified individually on the attached Exhibit "A",

23 (collectively "Plaintiffs") now come before the Court and respectfully represent as to each member

24 of the group as follows:

25                        **BACKGROUND**

26   1.    On or about August 23, 2009, Alexander Erickson (hereinafter "Debtor") filed a petition

27 for relief under Chapter 7 of the Bankruptcy Code as Case No. 09-47800.

28   2.    On information and belief, at all times relevant hereto, Defendant and Gilmore Erickson

Case: 09-47800   Doc# 16   Filed: 11/09/09   Entered: 11/09/09 17:10:00   Page 1 of 5
In Re Erickson; CAND Bankr. Case No. 09-47800                    COMPLAINT TO DETERMINE
                                                                  DISCHARGEABILITY OF DEBT

and Dresden Erickson, and Billy Erickson, 5th Street Tower, LLC, Delmas Towers, LLC, Grandpoint Community Builders, Inc., Next Group Development, Next Group Development, Inc., Northpoint Development and Northpoint Development, Inc. all acted as agents and or representatives or instrumentalities of the Defendant such that there existed such a unity of interest as to make each liable for the acts of the other.

3.     On information and belief, Defendant held himself out as the principle executive in soliciting loans from Plaintiffs and used four distinct entities designed to solicit and secure loan financing from plaintiffs, known as: (i) 5th Street Tower, LLC,  (ii) Delmas Towers, LLC and (iii) Grandpoint Community Builders, Inc. d/b/a "Northpoint Development" (collectively, the "Entities").

4.     In addition, the Defendant employed the Erickson Family Trust (the "Trust"), of which Gil and Dresden Erickson are believed to be trustees, to further entice loans from plaintiffs by offering the value of the Trust as a guaranteed security of loan repayment.

5.     On information and belief, Debtor knew that the Trust assets presented to Plaintiffs were overstated.

6.     Debtor solicited private investments to fund development of two large condominium projects, commonly known as the "5th Street Tower" and the "Delmas Tower" (hereinafter collectively the "Projects"), located in San Jose, California.

7.     On information and belief, Plaintiffs, and each of them, allege that there has existed and still exists such unity of interest and ownership among and between Debtor and the Entities that the separate personalities of the Entities and the Debtor has ceased to exist. Debtor has neglected to adhere to corporate formalities, has commingled the corporate assets with his own, permitted the Entities to be undercapitalized, continued to raise funds and solicit loans while knowing the Entities remained undercapitalized and used the corporate forms as an extension of himself rather than as separate entities. If the acts alleged herein are attributed only to the Entities rather than to the Debtor, individually, Debtor will be able to retain monies improperly and inequitably obtained. Thus, the Entities and each of them, should be treated as the alter egos of Debtor.

8.     At all relevant times during 2007 and 2008, Defendant solicited the Plaintiffs, and each of them, to invest money in the various Entities under standard interest bearing Promissory Notes, Loan Agreements and Guarantees offered by the Entities and the Trust.

9. In and around late 2008 and early 2009, Debtor informed the Plaintiffs that the loans would be repaid. The truth was that the Entities would almost certainly and actually did, default on their respective obligations and that the Trust was over stated and had defaulted on its Guarantees.

## JURISDICTION

10. This adversary proceeding is being brought in connection with defendant's case under Chapter 7 of Title 11, Case No. 09-47800 now pending in this Court. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. § 523. This is a core proceeding under 28 U.S.C. § 157(b)(2)(1).

11. Plaintiffs and each of them are creditors of the Entities, the Defendant and or the Defendant's Trust.

## FIRST CLAIM FOR RELIEF

## 11 U.S.C. §523(a)(2)(A)

12. Plaintiffs reallege the foregoing paragraphs and incorporate them by reference herein as if set forth in full.

13. In or around 2007 through 2008, Defendant individually or by and through his agents, solicited Plaintiffs, and each of them, to make individual loans to Defendant's Entities in various amounts of money, typically exceeding a hundred thousand dollars per investment and typically obtained with Defendant's knowledge from Plaintiff's retirement savings.

14. On information and belief, Defendant's solicitation was accomplished by verbal representations designed to create or foster the impression in the Plaintiffs' minds, and each of them, that (i) the Entities would regularly and truthfully communicate with Plaintiffs about the status of loan repayment, (ii) Defendant would not offer the Trust, and the Trust would not make future loan guarantees and (iii) that the Entities and or the Trust at all times relevant herein had the ability to make repayment, if so required (the "Oral Misrepresentations").

15. The Oral Misrepresentations were material and Plaintiffs justifiably relied thereon in advancing loan funds to Defendants Entities.

16. On information and belief, the Oral Misrepresentations were in fact false; at the time they were made, (i) Defendant did not intend to cause the Entities to timely or truthfully communicate with Plaintiffs about the status of loan repayment, (ii) Defendant caused and or offered the Trust as

future loan guarantees and (iii) Defendant knew, or had reason to know, that the Trust would not have the ability to make repayment, when and if so required.

17.    As a direct and proximate cause of the Oral Misrepresentations, Plaintiffs suffered the losses complained of herein.

## SECOND CLAIM FOR RELIEF

### 11 U.S.C. §523(a)(2)(B)

18.    Plaintiffs reallege the foregoing paragraphs and incorporate them by reference herein as if set forth in full.

19.    Defendant employed written statements of financial condition to induce Plaintiffs to lend money to the Entities. On information and belief, the written statements included assets lists, accounting documents and financial data, prepared and presented for the purpose of creating the impression in the minds of Plaintiffs that the Debtors, the Entities and the Trust were capable, and would be capable of satisfying the financial obligations under the loans ("Written Misrepresentations") when the same became due.

20.    On information and belief, the Plaintiffs allege that at the time the Written Misrepresentations were made, Defendant was aware the Written Misrepresentations were false and or that the Written Misrepresentations would be false when the loans became due and that Defendant, Defendant's Entities and Defendant's Trust would not have the means, ability or intention of repaying the loans when due.

21.    Plaintiffs justifiably relied on the Written Misrepresentations and thereupon extended credit to Defendant to Plaintiffs detriment.

22.    The borrowing of Plaintiffs loans by Defendant by use of the Written Misrepresentations, alone, or in combination with the Oral Representations, constitutes the obtaining of money or extension of credit through false pretense, misrepresentation and actual or constructive fraud.

23.    As a proximate result of the Oral and Written Misrepresentations, Plaintiffs have been damaged in the amount of set forth on Exhibit A opposite each individual Next Group Lender's name, plus interest at the contract rate, attorneys fees and legal costs.

24.    The Oral and Written Misrepresentations were intentional, malicious, deceitful and were made with conscious disregard of the Plaintiffs rights, so as to justify an award of exemplary and

In Re Erickson, CAND Bankr. Case No. 09-47800

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

punitive damages according to proof.

25.    At the time the Defendant filed for Bankruptcy protection, the aggregate balance owed to the Plaintiffs for all loans made was approximately $3,111,621.00

WHEREFORE, the Plaintiffs pray for judgment against Defendants as follows:

1.   Declaring that the debt owed to Plaintiffs by Defendants is not dischargeable by reason of 11 U.S.C. §523(a)(2)(A);

2.   Declaring that the debt owed to Plaintiffs by Defendants is not dischargeable by reason of 11 U.S.C. §523(a)(2)(B);

3.   That each of the loans consist of at least the remaining balance that has come due;

4.   For pre-judgment interest and costs of suit incurred herein;

5.   For attorneys fees according to proof;

6.   For punitive damages; and

6.   For such other and further relief as the Court deems just and proper in the circumstances.

Respectfully submitted:

Dated:  November 9, 2009                    KOGAN & ASSOCIATES, LLP

                                                            //gk//
                                            By_____
                                                 Gavin Kogan
                                                 Attorneys for Creditor Next Group Lenders

In Re Erickson, CAND Bankr. Case No. 09-47800                                    COMPLAINT TO DETERMINE
                                                                                 DISCHARGEABILITY OF DEBT